Matter of Lanza (2021 NY Slip Op 05445)





Matter of Lanza


2021 NY Slip Op 05445


Decided on October 8, 2021


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed Oct. 8, 2021.)


&em;

[*1]MATTER OF SALVATORE F. LANZA, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 22, 1985, and he maintains an office in Fulton. In July 2020, the Grievance Committee filed a petition asserting against respondent a sole charge of professional misconduct, which alleges that he made improper statements on social media related to his representation of a party to a Family Court proceeding. Although respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing, the parties have since filed with this Court a joint motion for an order of discipline on consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct. The parties request that the Court enter a final order imposing the sanction of public censure.
Respondent conditionally admits that, in 2018, he represented a client in a child custody proceeding wherein the client was seeking an order requiring supervision for visitation between the client's former spouse and their minor child, whose permanent residence was in another state. The client sought that relief, at least in part, based on allegations that the former spouse had previously left the minor child unsupervised with the 18-year-old son of the former spouse's boyfriend, after which the 18 year old was adjudicated a youthful offender for having sexual relations with the minor child. Respondent admits that, following a court appearance on the application for supervised visitation, he published on social media certain details regarding the sexual misconduct incident, including the home state of the victim and the age and gender of the victim and youthful offender. Respondent admits that, inasmuch as he practices law in a "small town" where it was widely known that he was representing one of the parents of the victim, the information that respondent published on social media effectively revealed the identities of the victim and youthful offender. Respondent also admits that the social media post served no substantial purpose other than to embarrass or harm a third person. The parties stipulate, however, that respondent removed the information from social media after approximately one day in response to concerns raised by opposing counsel in the child custody proceeding.
The joint motion of the parties is governed by 22 NYCRR 1240.8 (a) (5), which provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may jointly request that the Court enter a final order of discipline on consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). Upon the filing of such a motion, all proceedings are stayed pending determination of the motion by the Court. If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court declines to impose the sanction requested by the parties or otherwise denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 4.4 (a) — using means in the representation of a client that have no substantial purpose other than to embarrass or harm a third person; and
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice.
In imposing the sanction requested in the joint motion, we have considered certain mitigating factors, including that respondent has no history of public discipline after approximately 35 years in the practice of law. We have also considered respondent's statement that his violation of the Rules of Professional Conduct was unknowing and inadvertent, rather than intentional. Accordingly, we conclude that respondent should be censured.